Maria Crimi Speth, #012574
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 248-1000
Fax: (602) 248-0522

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**JABURG & WILK, P.C.**
**ATTORNEY AT LAW**
**3200 NORTH CENTRAL AVENUE**
**SUITE 2000**
**PHOENIX, ARIZONA 85012**

| | |
|---|---|
| **XCENTRIC VENTURES, L.L.C.**<br>**an Arizona limited liability company,**<br><br>    **Plaintiff,**<br> **vs.**<br><br>**OPINION CORP. d/b/a PISSED**<br>**CONSUMER,**<br>**a New York corporation;**<br>**FORTRESS ITX, L.L.C,**<br>**a New Jersey corporation;**<br>**DOES 1–10, inclusive,**<br><br>    **Defendants.** | **CIVIL NO.**_____<br><br>**VERIFIED COMPLAINT** |

For its complaint against Defendants, Plaintiff alleges:

### JURISDICTION AND VENUE

1.     This is a civil action seeking monetary damages and injunctive relief for various acts of copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) and for various acts of trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*., and related state law claims.

JABURG & WILK, P.C.
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

2.     This Court has jurisdiction under 15 U.S.C. § 1121 (trademark); 17 U.S.C. § 101 *et seq.* (copyright); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).  This Court has supplemental jurisdiction over state and common law claims pursuant to 28 U.S.C. § 1367(a).

3.     Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(a).  A substantial part of the acts of infringement complained of occurred in this District, and certain corporate defendants are subject to personal jurisdiction in this District.

4.     Personal jurisdiction in this District is proper because each defendant, engaged in acts of copyright infringement within the District of Arizona, and/or intentionally directed tortious conduct at Plaintiff knowing such conduct would cause harm within this District.

## PARTIES

5.     Plaintiff XCENTRIC VENTURES, L.L.C. ("Plaintiff") is and at all relevant times was an Arizona limited liability company located in Phoenix, Arizona.

6.     Plaintiff is the operator of a consumer complaint and free speech forum known as the Rip-off Report located at www.RipoffReport.com (the "Rip-off Report site").  The Rip-off Report is widely used by consumers, and works closely with government agencies, attorneys general, federal, state, and local law enforcement, and the news media to help report, identify and prevent consumer fraud and similar conduct.

7.     Defendant OPINION CORP., INC. ("OCI") is, and at all relevant times has been, a New York corporation doing business as Pissed Consumer with a website located at www.PissedConsumer.com (the "Pissed Consumer" site) which caused the events herein described to occur with knowledge that they would cause harm within the State of Arizona.  Upon information and belief, OCI also has engaged in continuous, systematic and substantial contacts with the State of Arizona sufficient to confer general and specific personal jurisdiction over it in this District.

-2-

8. Defendant FORTRESS ITX, INC. ("FORTRESS") is, and at all relevant times has been, a New Jersey corporation doing business as www.FortressITX.com which caused the events herein described to occur with knowledge that they would cause harm within the State of Arizona. Upon information and belief, FORTRESS also has engaged in continuous, systematic and substantial contacts with the State of Arizona sufficient to confer general and specific personal jurisdiction over it in this District.

9. The Court has in rem jurisdiction over the domain name rip-off-report.pissedconsumer.com as the domain registrar is located in Arizona.

## PLAINTIFF'S COPYRIGHTS/TRADEMARKS

10. Plaintiff is and at all relevant times has been the lawful owner of the mark "RIP-OFF REPORT" which has been registered with the United States Patent and Trademark Office and assigned registration #2958949.

11. Since February 1998 through the filing of this action, Plaintiff has continuously used the mark "RIP-OFF REPORT" in commerce to identify and distinguish Plaintiff's business from other businesses in the same field.

12. Plaintiff's ownership of the "RIP-OFF REPORT" mark is incontestable as a matter of law pursuant to 15 U.S.C. § 1065.

13. Plaintiff is the owner of various copyrights relating to content appearing on the Rip-off Report website.

14. Plaintiff is the owner of the federal copyright issued by the United States Copyright Office Certificate of Registration No. TXu1-574-438 entitled "Rip-off Report Content" dated March 25, 2008.

15. Plaintiff is the owner of a federal copyright issued by the United States Copyright Office Certificate of Registration No. TXu1-371-920 entitled "Group Database Registration for Automated Database Entitled 'Rip-off Report Database.' Unpublished updates from March 5, 2008 – May 5, 2008" dated May 20, 2008.

JABURG & WILK, P.C.
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

10297-1/DSG/DSG/675942_v1

JABURG & WILK, P.C.
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

## DEFENDANTS' ACTIVITIES

16. Since at least October 2007 through the present, FORTRESS has provided internet hosting services to OCI and its website www.PissedConsumer.com.

17. The Pissed Consumer site generally purports to be a forum for consumers to post and review complaints about businesses and bad business practices, among other things.

18. OCI and the Pissed Consumer site are direct competitors of Plaintiff and the Rip-off Report site.

19. In late 2007 Plaintiff learned that OCI had copied certain copyrighted works directly from the Rip-off Report site and that OCI was publishing these works on the Pissed Consumer site without Plaintiff's consent.

20. On or about October 25, 2007 Plaintiff, through counsel, sent written notice pursuant to the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. §§ 512, *et seq*., to FORTRESS notifying it that OCI was infringing Plaintiff's rights and demanding, among other things, that FORTRESS immediately remove certain infringing material from the Pissed Consumer site.

21. OCI complied with the October 25, 2007 notice from Plaintiff.

22. In December 2007, Plaintiff again learned that OCI had copied large quantities of copyrighted works directly from the Rip-off Report site and that OCI was publishing these works on the Pissed Consumer site without Plaintiff's consent.

23. On or about December 21, 2007 Plaintiff, through counsel, sent a second DMCA notice to FORTRESS notifying it that OCI was infringing Plaintiff's rights and demanding, among other things, that FORTRESS immediately remove certain infringing material from the Pissed Consumer site.

24. OCI complied with the December 21, 2007 notice from Plaintiff.

-4-

10297-1/DSG/DSG/675942_v1

JABURG & WILK, P.C.
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

25.     In January 2008, Plaintiff again learned that OCI was continuing to copy large quantities of copyrighted works from the Rip-off Report site and that OCI was publishing these works on the Pissed Consumer site without Plaintiff's consent.

26.     On or about January 24, 2008 Plaintiff, through counsel, sent a third DMCA notice to FORTRESS notifying it that OCI was infringing Plaintiff's rights and demanding, among other things, that FORTRESS immediately remove certain infringing material from the Pissed Consumer site.

27.     The third DMCA notice also demanded that FORTRESS immediately terminate providing any/all services to OCI because OCI was known to FORTRESS as a repeat copyright infringer who was using FORTRESS' services to continue engaging in widespread acts of infringement.

28.     FORTRESS removed the material identified in Plaintiff's third DMCA notice but FORTRESS did not terminate its business relationship with OCI nor did FORTRESS take any action to prevent OCI from infringing Plaintiff's rights.

29.     Since January 24, 2008, OCI has copied and continues to copy large quantities of copyrighted works from the Rip-off Report site without Plaintiff's permission or consent.

30.     Without Plaintiff's permission and without any lawful right to do so, OCI has created a sub-domain entitled http://rip-off-report.pissedconsumer.com which incorporates Plaintiff's registered trademark RIP-OFF REPORT.

31.     OCI's domain name is likely to cause confusion as to source or sponsorship.

32.     Without Plaintiff's permission and without any lawful right to do so, OCI has created metatags which incorporate Plaintiff's registered trademark in the mark "RIP-OFF REPORT" for the purposes of misleading consumers who are attempting to locate Plaintiff's website by causing them to be directed to the Pissed Consumer site.

10297-1/DSG/DSG/675942_v1

JABURG & WILK, P.C.
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

33.     OCI's unlawful use of Plaintiff's trademarks and copyrighted works has caused substantial actual confusion among consumers who have been misled into believing that Plaintiff is the owner and/or operator of the Pissed Consumer site when, in fact, this is not true.  *See*, *e.g.,* http://www.fabulousflashcast.com/parent.html (visited September 5, 2008) (stating, "It appears that RipOffReport.com's Ed Magedson allegedly has a new extortion scheme going … pissedconsumer.com BEWARE!")

## COUNT 1
## INFRINGEMENT OF COPYRIGHT — 17 U.S.C. §§ 106, 501(a)
### (Against Defendant OCI)

34.     Plaintiff incorporates herein by reference each and every allegation contained above.

35.     Defendant OCI has violated Plaintiff's exclusive rights under 17 U.S.C. § 106(1) (direct copying) by copying Plaintiff's works without permission.

36.     Defendant OCI has violated Plaintiff's exclusive rights under 17 U.S.C. § 106(3) (distribution) by distributing Plaintiff's works without permission

37.     Defendant OCI has violated Plaintiff's rights under 17 U.S.C. § 106(5) (display) by publicly displaying Plaintiff's works without permission.

38.     Plaintiff is informed and believes that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

39.     Defendant OCI's infringing activities were not authorized by Plaintiff and were performed without Plaintiff's knowledge, consent, or permission.

40.     Defendant OCI's infringing activities was and is done for Defendant's financial gain.

41.     Defendant OCI's infringing activities have caused Plaintiff to incur actual damages of not less than $150,000.

10297-1/DSG/DSG/675942_v1

JABURG & WILK, P.C.
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

42. As the result of Defendant OCI's infringement of Plaintiff's exclusive rights, Plaintiff is entitled to recover from Defendant OCI its actual damages pursuant to 17 U.S.C. § 504(b) or statutory damages pursuant to 17 U.S.C. § 504(c), whichever is greater.

43. As the result of Defendant OCI's infringement of Plaintiff's exclusive rights, Plaintiff further is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT 2
## VICARIOUS INFRINGEMENT OF COPYRIGHT — 17 U.S.C. §§ 106, 501(a)
### (Against FORTRESS)

44. Plaintiff incorporates herein by reference each and every allegation contained above.

45. Defendant OCI has engaged in multiple acts of direct infringement of Plaintiff's exclusive rights granted under the Copyright Act.

46. Defendant FORTRESS has profited directly from the infringing activity of OCI.

47. Defendant FORTRESS had the right and ability to control the infringing activity of OCI.

48. Despite having actual knowledge of OCI's unlawful actions, Defendant FORTRESS failed to exercise its right and ability to control OCI's conduct. As a result, FORTRESS is liable to Plaintiff for vicarious infringement of Plaintiff's copyrights.

49. Defendant FORTRESS is not entitled to immunity pursuant to 17 U.S.C. § 512(c)(1) because FORTRESS had actual knowledge of the infringement, was aware of facts and circumstances from which OCI's infringing activity was apparent, and because FORTRESS has failed to adopt and reasonably implement a policy as required by 17 U.S.C. § 512(i)(1)(A) that provides for the termination in appropriate circumstances of

-7-

JABURG & WILK, P.C.
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

1  services to subscribers and account holders who are repeat infringers such as OCI. *See*

2  *Perfect 10, Inc. v. CC Bill, L.L.C.*, 488 F.3d 1102, 1109 (9ᵗʰ Cir. 2007).

3       50.    As the result of Defendant FORTRESS' vicarious infringement of

4  Plaintiff's exclusive rights, Plaintiff is entitled to recover actual damages pursuant to 17

5  U.S.C. § 504(b) or statutory damages pursuant to 17 U.S.C. § 504(c), whichever is

6  greater, for each worked infringed.  Plaintiff is further is entitled to attorneys' fees and

7  costs pursuant to 17 U.S.C. § 505.

8

9  

**COUNT 4**
**TRADEMARK INFRINGEMENT — 15 U.S.C. § 1114**

10  **(Against OCI)**

11       51.    Plaintiff incorporates herein by reference each and every allegation

12  contained above.

13       52.    "RIP-OFF REPORT" is a valid, protectable trademark.

14       53.    Plaintiff owns "RIP-OFF REPORT" as its trademark.

15       54.    Defendant OCI used the RIP-OFF REPORT mark, or a mark confusingly

16  similar thereto, without the consent of Plaintiff in a manner that is likely to cause

17  confusion among ordinary consumers as to the source of the services offered by Plaintiff

18  and by OCI.

19

20  

**COUNT 5**
**CYBERPIRACY**

21  **15 U.S.C. § 1125(d)**

22

23       55.    Plaintiff incorporates herein by reference each and every allegation

24  contained above.

25       56.    OCI, with a bad faith intent to profit from the RIP-OFF REPORT mark,

26  registered and uses a domain name that is confusingly similar to the RIP-OFF REPORT

27  mark.

28

-8-

JABURG & WILK, P.C.
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

57.    Plaintiff has been damaged by OCI's unlawful registration and use of such domain name(s) in an amount to be proven at trial.

## COUNT 6
## UNFAIR COMPETITION/INITIAL INTEREST CONFUSION
## TRADEMARK INFRINGEMENT — 15 U.S.C. § 1114
**(Against OCI)**

58.    Plaintiff incorporates herein by reference each and every allegation contained above.

59.    "RIP-OFF REPORT" is a valid, protectable trademark.

60.    Plaintiff owns "RIP-OFF REPORT" as its trademark.

61.    By using the "RIP-OFF REPORT" mark in both its domain name and in metatags associated with the Pissed Consumer site, Defendant OCI has infringed Plaintiff's trademark without the consent of Plaintiff in a manner calculated to capture initial consumer attention and to direct such attention to the Pissed Consumer site at the expense of viewers looking for the Rip-off Report site.

62.    OCI's conducts constitutes unfair competition and initial interest confusion in violation of Plaintiff's rights under the Lanham Act and under the common law.

## COUNT 7
## INJUNCTIVE RELIEF — 17 U.S.C. § 502(a)
**(Against All Defendants)**

63.    Plaintiff incorporates herein by reference each and every allegation contained above.

64.    The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

65.    Plaintiff has no adequate remedy at law.

-9-

10297-1/DSG/DSG/675942_v1

66.     Pursuant to 17 U.S.C. §§ 502(a) and 503, Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrighted works.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1.     For Plaintiff's actual damages and Defendants' profits, or statutory damages, as Plaintiff may elect, for infringement of each copyrighted work pursuant to 17 U.S.C. § 504;

2.     For statutory and/or treble damages pursuant to 15 U.S.C. § 1117;

3.     For injunctive relief pursuant to 17 U.S.C. §§ 502(a) and 503;

4.     For Plaintiff's costs in this action pursuant to 17 U.S.C. § 504 and/or 15 U.S.C. § 1117(a);

5.     For Plaintiff's reasonable attorneys' fees incurred pursuant to 17 U.S.C. § 504 and/or 15 U.S.C. § 1117(a);

6.     For forfeiture or cancellation of the domain name or the transfer of the domain name rip-off-report.pissedconsumer.com to Plaintiff;

7.     For such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this 7th day of October, 2008.

**JABURG & WILK, P.C.**

s/Maria Crimi Speth
Maria Crimi Speth, Esq.
Attorneys for Plaintiff

JABURG & WILK, P.C.
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

10297-1/DSG/DSG/675942_v1

## VERIFICATION

ED MAGEDSON, deposes and says he is the Manager of Xcentric Ventures, L.L.C. which is the Plaintiff in the within action; he has read the foregoing and knows the contents thereof, and the same are true of his own knowledge, except as to those matters therein stated upon information and belief, and as to those matters he believes them to be true.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 6 2008

_____
ED MAGEDSON

JABURG & WILK, P.C.
ATTORNEY AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

10297-1/DSG/DSG/675942_v1